UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

STEVE EVANTO,

          Plaintiff,

vs.

FEDERAL NATIONAL MORTGAGE ASSOCIATION and GREEN TREE SERVICING, LLC,

          Defendants.
_____/

## COMPLAINT

**COMES NOW,** the Plaintiff, STEVE EVANTO, by and through undersigned counsel, and brings this action against the Defendants, FEDERAL NATIONAL MORTGAGE ASSOCIATION ("FANNIE MAE") and GREEN TREE SERVICING, LLC ("GREEN TREE"), and as grounds thereof would allege as follows:

## INTRODUCTION

1. This is an action brought by a consumer for Defendants' violation of the Truth In Lending Act, 15 U.S.C. §§ 1601, *et seq.* ("TILA") and the Real Estate Settlement Procedures Act, 12 U.S.C §§ 2601, *et seq.* ("RESPA"), and their implementing regulations.

2. The Consumer Financial Protection Bureau ("CFPB") is the primary regulatory agency authorized by Congress to supervise and enforce compliance of TILA and RESPA. The CFPB periodically issues and amends mortgage servicing rules under Regulation X, 12 C.F.R. Part 1024, and Regulation Z, 12 C.F.R. Part 1026, RESPA and TILA's respective implementing regulations.

TL-9105

3. Specifically, Plaintiff seeks the remedies as provided in TILA and RESPA for Defendants' failure to comply with Section 1639(g) of TILA, Section 2605(k) of RESPA, 1024.36 of Regulation X, and 1026.36 of Regulation Z.

## JURISDICTION

4. Jurisdiction of this Court arises under 28 U.S.C. § 1331 because the Complaint alleges a federal claim and requires the resolution of substantial questions of federal law.

5. Moreover, this case is a civil action arising under the laws of the United States over which this Court has original jurisdiction under 28 U.S.C. § 1331.

6. Venue in this District is proper because Plaintiff resides here and Defendant does business and places phone calls into this District, and because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

## PARTIES

7. At all times material hereto, Defendant, FANNIE MAE was and is a foreign corporation, authorized by Congress to provide a secondary market for residential mortgages, and has a principal address of 3900 Wisconsin Ave., NW, Washington, D.C. 20016.

8. At all times material hereto, Defendant, FANNIE MAE was and is a creditor as the term is defined in 15 U.S.C. §1602(g).

9. At all times material hereto, Defendant, FANNIE MAE was and is an assignee pursuant to 15 U.S.C. §1641. Upon information and belief, the assignment to FANNIE MAE was voluntary.

10. At all times material hereto, Plaintiff was and is a resident of Broward County, Florida, and owns a home, which is Plaintiff's primary residence, in Broward County.

*TL-9105*

11. At some point in time prior to the violations alleged herein, GREEN TREE was hired to service the subject loan.

12. At all times material hereto, GREEN TREE, is and was a loan servicer as the term is defined in 12 U.S.C. §2605(i)(2) and 12 C.F.R. Part 1024.2(b), that services the loan obligation owned by FANNIE MAE and secured by a mortgage upon Plaintiff's primary residence and principal dwelling, located at 2268 Nova Village Dr., Davie, Florida 33317.

13. Plaintiff's residence is a residential structure containing one to four family housing units.

14. The Promissory Note signed by Plaintiff in connection with the mortgage serviced by GREEN TREE is a consumer credit transaction within the meaning of, and subject to, TILA.

15. The mortgage loan in question is a "residential mortgage transaction" as defined in 15 U.S.C. §1602(x).

16. The mortgage loan in question is a "federally related mortgage loan" as defined in 12 U.S.C. §2602(1) and 12 C.F.R. Part 1024.2(b).

## BACKGROUND AND GENERAL ALLEGATIONS

17. On or about September 29, 2009, a foreclosure action was filed against Plaintiff in Broward County, Florida, bearing Case No. CACE10039533 (the "Foreclosure").

18. On or around January 2011, Plaintiff retained Loan Lawyers, LLC, ("Loan Lawyers") to fight to save his home.

19. Given that Plaintiff has owned and lived in his home since 2003, Plaintiff was eager to pursue every available remedy and protection afforded to him by Congress or otherwise.

TL-9105

20. Further, in light of the recent financial crisis, Plaintiff wished to obtain all vital information from his loan servicer to enable him to make the most informed decisions moving forward, and to safeguard his individual interests.

21. As part of its overall defense strategy, Loan Lawyers makes it a priority to gather as much information as possible about the subject loan.

22. This is so important because so many of today's loans and mortgage statements are replete with mistakes, inaccuracies, and occasionally—fraud.

23. The status of the foreclosure process in the State of Florida has deteriorated to such an extent that even the Supreme Court of Florida could not ignore the unfortunate situation. Pino v. Bank of New York, 121 So. 3d 23, 30 (Fla. 2013) (*quoting* Pino v. Bank of New York Mellon, 57 So.3d 950, 954 (Fla. 4th DCA 2011) ("many, many mortgage foreclosures appear[ed] [to be] tainted with suspect documents").

24. Additionally, the CFPB has acknowledged that, "There is evidence that borrowers [have been] subjected to improper fees that servicers had no reasonable basis to impose, improper force-placed insurance practices, and improper foreclosure and bankruptcy practices." *78 Fed. Reg. 10902, 10906* (Feb. 14, 2013)(emphasis added).

25. Unfortunately, in far too many foreclosure actions in which Loan Lawyers propounds discovery—the only responses received back are blanket, boilerplate objections.

26. Loan Lawyers regularly relies on documentation and information produced in response to requests pursuant to TILA, RESPA, Regulation X, and Regulation Z in the foreclosure actions it defends.

27. Plaintiff and Loan Lawyers had legitimate concerns about specific charges that were being added to Plaintiff's account.

*TL-9105*

28. In an effort to utilize the protections afforded to consumers by Congress, on or about February 18, 2014, Loan Lawyers—on behalf of Plaintiff—mailed to GREEN TREE a written request for information pursuant to TILA, Regulation X, and Regulation Z ("Plaintiff's RFI"). GREEN TREE received Plaintiff's RFI on or about February 24, 2014.

29. A true and correct copy of same is attached as Exhibit "A".

30. Plaintiff's RFI asked GREEN TREE to: (1) provide a detailed explanation and documentation to support charges, on a January 8, 2014, mortgage statement, in the amount of $4,849.50 for "Corporate Advance Balance", $35.00 for "Total Fees & Charges Due", $14,161.98 for "Escrow", and -$22,258.41 for "Escrow Balance"; and (2) provide an accurate statement of the total outstanding balance that would be required to satisfy the above-referenced obligation in full as of a specified date ("payoff statement")

31. Plaintiff believed that he was entitled to know what the above-charges were and why they were incurred, and Plaintiff wanted to be assured that he was not being falsely charged for fees that were not actually incurred.

32. GREEN TREE was obligated to provide an accurate payoff statement within seven (7) business days of receipt of Plaintiff's RFI, pursuant to 15 U.S.C. 1639(g) and 12 C.F.R. Part 1026.36(c)(3).

33. Section 1639(g) of TILA, states: "A creditor or servicer of a home loan shall send an accurate payoff balance within a reasonable time, but in no case more than 7 business days, after the receipt of a written request for such balance from or on behalf of the borrower."

34. Section 1026.36(c)(3) of Regulation Z, states:

> [A] creditor, assignee or servicer, as applicable, must provide an accurate statement of the total outstanding balance that would be required to pay the consumer's obligation in full as of a specified date. The statement shall be sent within a

>reasonable time, but in no case more than seven business days, after receiving a written request from the consumer or any person acting on behalf of the consumer.

12 C.F.R. Part 1026.36(c)(3)

35.    GREEN TREE was obligated to acknowledge receipt of Plaintiff's RFI in writing within five (5) business days and to provide a written response to Plaintiff's information requests within thirty (30) business days. *See* 12 C.F.R. Part 1024.36(c); 12 C.F.R. Part 1024.36(d)(2)(i)(B).

36.    On April 1, 2014, GREEN TREE sent a written response to Plaintiff's RFI.

37.    A true and correct copy of same is attached hereto as Exhibit "B".

38.    In the response, GREEN TREE merely listed blanket descriptions of how the "Corporate Advance Balance" totaled $4,849.50, without any explanation of the various charges or any supporting documentation to show that the charges were actually incurred. *See* Exhibit "B".

39.    What concerned Plaintiff about GREEN TREE's response is that there had been purportedly twelve (12) property inspections conducted while he had been living in the home, and three separate title searches. *See* Exhibit "B".

40.    Further, GREEN TREE stated, "Since you client's loan is in foreclosure, Green Tree prefers that you contact its foreclosure counsel for a payoff quote." *See* Exhibit "B".

41.    However, no such provision exists that authorizes a servicer to create a specific address for borrowers to send payoff requests.

42.    Nonetheless, in an attempt to amicably resolve the above issues, Plaintiff's counsel sent GREEN TREE, through its foreclosure counsel, a letter informing GREEN TREE's

TL-9105

foreclosure counsel that it was believed that the response to Plaintiff's RFI was inadequate and further clarification was needed of the charges listed.

43. Plaintiff sought documentation to prove the legitimacy of the alleged charges incurred.

44. A true and copy of the letter is attached hereto as Exhibit "C".

45. Further, Plaintiff's counsel informed GREEN TREE's foreclosure counsel that a payoff statement had not been received within the required timeframe. *See* Exhibit "C".

46. The letter provided GREEN TREE with an additional opportunity to comply with the law. *See* Exhibit "C".

47. Plaintiff's counsel even informed GREEN TREE's counsel that if additional time was needed to provide the requested information, additional time may be requested. *See* Exhibit "C".

48. To date, GREEN TREE has failed or refused to provide an accurate payoff statement within seven (7) business days after receiving a request, contrary to 15 U.S.C. §1639(g) and 12 C.F.R. Part 1026.36(c)(3).

49. To date, GREEN TREE has failed or refused to comply with 12 C.F.R. Part 1024.36(d)(1)(i), it that GREEN TREE did not provide the information requested in Plaintiff's RFI, and GREEN TREE did not state that the requested information was unavailable.

**COUNT I –VIOLATION OF 15 U.S.C. §1639(g)**

50. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 49.

51. Upon information and belief, FANNIE MAE has considerable control over GREEN TREE by virtue of a Servicing Agreement that governs their relationship.

*TL-9105*

52. Upon information and belief, the above-referenced agreement contains specific details and guidelines that GREEN TREE is to follow.

53. Upon information and belief, one of the very specific functions the Servicing Agreement was designed to cover was GREEN TREE's responding to requests for information, notices of error, and requests for payoff statements.

54. Upon information and belief, FANNIE MAE may terminate GREEN TREE's employment at any time.

55. As its servicer, GREEN TREE is the employee and agent of FANNIE MAE.

56. FANNIE MAE is responsible for GREEN TREE's failure to provide an accurate payoff statement upon request since GREEN TREE was acting in furtherance and within the scope of its employment for FANNIE MAE.

57. Various courts in the Southern District have found that vicarious liability applies to TILA violations. *See* Lucien v. Federal Nat. Mortg. Ass'n, 2014 WL 2184934 (S.D. Fla. May 23, 2014); Khan v. Bank of New York Mellon, 849 F. Supp. 2d 1377 (S.D. Fla. Mar. 19, 2012); Kissinger v. Wells Fargo Bank, N.A., as Trustee for Soundview Home Loan Trust 2007–Opt2, Asset Backed Certificates, Series 2007–Opt2, 2012 WL 3759034 (S.D. Fla. August 30, 2012); and Santos v. Federal National Mort. Ass'n, 2012 WL 3860559 (S.D. Fla. Sept. 6, 2012).

58. Plaintiff attempted to amicably resolve the above-issue prior to the filing of this lawsuit. *See* Exhibit "C".

59. Plaintiff has hired Loan Lawyers, LLC, for legal representation in this action and has agreed to pay a reasonable attorney's fee.

60. Plaintiff is entitled to the following damages for violations of TILA by Defendant, FANNIE MAE: statutory damages of not less than $400 nor greater than $4000 pursuant to 15

*TL-9105*

U.S.C. §1640(a)(2)(A)(iv), and the costs of this action together with a reasonable attorney's fee as determined by the court, pursuant to 15 U.S.C. §1640(a)(3).

**WHEREFORE**, the Plaintiff, STEVE EVANTO, demands judgment against the Defendant, FEDERAL NATIONAL MORTGAGE ASSOCIATION for damages together with interest, costs, and attorney's fees pursuant to 15 U.S.C. §1640(a), and any and all further relief as this Honorable Court may deem just and proper.

### COUNT II –VIOLATION OF 12 U.S.C. §2605(k)

61. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 49.

62. Section 6, Subsection (k) of RESPA states in relevant part:

> **(k) Servicer prohibitions**
> **(1) In general**
> A servicer of a federally related mortgage shall not--
> …
> **(C)** fail to take timely action to respond to a borrower's requests to correct errors relating to allocation of payments, final balances for purposes of paying off the loan, or avoiding foreclosure, or other standard servicer's duties;
> **(D)** fail to respond within 10 business days to a request from a borrower to provide the identity, address, and other relevant contact information about the owner or assignee of the loan; or
> **(E)** fail to comply with any other obligation found by the [CFPB], by regulation, to be appropriate to carry out the consumer protection purposes of this chapter.

12 U.S.C. §2605(k)(emphasis added)

63. Sections 1024.35 (Notice of Error) and 1024.46 (Request for Information) of Regulation X were both promulgated pursuant to Section 6 of RESPA and thus subject to RESPA's private right of action. *See 78 Fed. Reg. 10696,* 10714, FN. 64 (Feb. 14, 2013)("The [CFPB] notes that regulations established pursuant to section 6 of RESPA are subject to section 6(f) of RESPA, which provides borrowers a private right of action to enforce such regulations").

*TL-9105*

*See also 78 Fed. Reg.* at 10737, 10753 (the CFPB noting that Section 1024.35 and 1024.36 implement Section 6(k)(1)(C) and 6(k)(1)(D) respectively);

64. The CFPB's authority to prescribe such regulations under Section 2605(k)(1)(E), is stated in Section 2617 of RESPA: "The [CFPB] is authorized to prescribe such rules and regulations, to make such interpretations, and to grant such reasonable exemptions for classes of transactions, as may be necessary to achieve the purposes of this chapter." 12 U.S.C. §2617.

65. GREEN TREE has failed to or refused to comply with 12 C.F.R. Part 1026.36(c)(3) in that GREEN TREE did not provide an accurate payoff statement within seven (7) days after receiving a written request.

66. GREEN TREE has failed to or refused to comply with 12 C.F.R. Part 1024.36(d)(1)(i) in that GREEN TREE did not provide the requested information, and GREEN TREE did not state that it the requested information was unavailable.

67. As such, GREEN TREE has violated 12 U.S.C. §2605(k)(1)(E).

68. Plaintiff attempted to amicably resolve the above-issues prior to the filing of this lawsuit. *See* Exhibit "C".

69. Plaintiff has hired Loan Lawyers, LLC, for legal representation in this action and has agreed to pay a reasonable attorney's fee.

70. Plaintiff is entitled to actual damages as a result of Defendant, GREEN TREE's failure to comply with Regulation X and RESPA, pursuant to 12 U.S.C. §2605(f)(1)(A), including but not limited to: photocopying costs, postage costs, and reasonable attorney's fees incurred as a result of having to send additional correspondences due to GREEN TREE's failure to adequately respond to Plaintiff's RFI. *See* Marais v. Chase Home Finance, LLC, 736 F.3d 711, 721 (6th Cir. 2013)(the court finding that expenses became actual damages when servicer

*TL-9105*

ignored its statutory duties); Soriano v. Countrywide Home Loans, Inc., Case No. 09-CV-02415-LHK (N.D. Ca. 2011)(the court finding that actual damages include attorney's fees incurred when attorney sent follow-up correspondence for deficient QWR response); Cortez v. Keystone Bank, Inc., 2000 WL 536666, *12 (E.D. Pa. 2000)(the court finding that actual damages encompass compensation for pecuniary loss); Rawlings v. Dovenmuehle Mortg., Inc., 64 F.Supp.2d 1156, 1164 (M.D. Ala. 1999)(the court finding that actual damages include costs for correspondence and travel).

71. Plaintiff is entitled to statutory damages in an amount not greater than $2000 pursuant to 12 U.S.C. §2605(f)(1)(B), as a result of GREEN TREE's pattern or practice of noncompliance with Regulation X and RESPA.

72. Moreover, Plaintiff's counsel can demonstrate numerous correspondences sent to GREEN TREE, relating to other clients under the applicable statutes, in which GREEN TREE failed to acknowledge or respond as required by law.

73. Plaintiff is entitled to the costs of this action, together with a reasonable attorney's fee as determined by the court, pursuant to 12 U.S.C. §2605(f)(3).

**WHEREFORE**, the Plaintiff, STEVE EVANTO, demand judgment against the Defendant, GREEN TREE for damages together with interest, costs, and attorney's fees pursuant to 12 U.S.C. §2605(f), and any and all further relief as this Honorable Court may deem just and proper.

TL-9105

## **DEMAND FOR JURY TRIAL**

Plaintiff, STEVE EVANTO, hereby demands a trial by jury of all issues so triable.

Respectfully Submitted,

 /s/ Aaron Silvers
Aaron Silvers, Esq.
Florida Bar No.: 104811
E-mail: asilvers@floridaloanlawyers.com
Yechezkel Rodal, Esq.
Florida Bar No.: 91210
E-mail: chezky@floridaloanlawyers.com
LOAN LAWYERS, LLC
*Attorneys for Plaintiff*
377 North State Road 7, Suite #202
Plantation, FL 33317
Telephone:     (954) 523-4357
Facsimile:      (954) 581-2786

*TL-9105*